# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL ACEVEDO PEREZ, | CASE NO. 09cv0414-H (BLM) |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS** |
| vs. | |
| MATTHEW CATE, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 22, 2009. Doc. No. 1. On May 5, 2009, Respondent moved to dismiss the petition as barred by the statute of limitations set forth in the AEDPA at 28 U.S.C. § 2244(d). Doc. No. 8. On June 5, 2009, Petitioner filed an opposition to the motion to dismiss. Doc. No. 9. On August 13, 2009, Magistrate Judge Major filed a report and recommendation recommending that the Court grant Respondent's motion to dismiss. Doc. No. 10. On August 31, 2009, Petitioner filed an objection to the Magistrate Judge's report and recommendation. Doc. No. 12. On September 1, 2009, Respondent filed an objection to the Magistrate Judge's report and recommendation. Doc. No. 11. The Court adopts the report and recommendation of the Magistrate Judge and grants Respondent's motion to dismiss. Moreover, the Court notes that Petitioner's substantive claims fail on the merits.

////

**I.  Background**

On June 9, 2004, a San Diego jury convicted Petitioner of (1) one count of forcible rape in violation of California Penal Code ("Penal Code") § 261(a)(2), finding that the offense was committed during the course of a burglary; (2) one count of residential burglary in violation of Penal Code § 459; (3) four counts of lewd acts upon a child in violation of Penal Code § 288(a); and (4) two counts of forcible lewd acts upon a child in violation of Penal Code § 288(b)(1).  Lodg. No. 13 at 1.  With the exception of the burglary charge, the jury found that the crimes were committed against more than one victim.  *Id.* at 1-2.  Additionally, as to one of the victims, the jury also found Petitioner had substantial sexual contact with a child under 14 years of age (Penal Code § 1203.066(a)(8)) and that he used force, violence, duress, menace, and fear of bodily injury (Penal Code § 1203.066(a)(1)) in the commission of the offense(s).  *Id.*  The trial court sentenced Petitioner to an aggregate prison term of 100 years to life.  *Id.* at 2.

On June 22, 2005, Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One.  Lodg. No. 1.  On March 6, 2006, the California Court of Appeal affirmed Petitioner's convictions in an unpublished opinion.  Lodg. No. 2.

On May 23, 2006, Petitioner's counsel filed a petition for writ of habeas corpus in the California Supreme Court.  Lodg. No. 3.  On December 20, 2006, the California Supreme Court denied the petition in its entirety.  *See* Lodg. No. 4 (citing *In re Waltreus*, 62 Cal.2d 218 (Cal. 1965)).

A year later, on December 19, 2007, Petitioner constructively filed a petition for writ of habeas corpus in the California Superior Court.  Lodg. No. 5.  On March 6, 2008, Petitioner submitted an additional ("supplemental") habeas petition to the same court.  Lodg. No. 6.  The California Superior Court denied both petitions on March 26, 2008.  Lodg. No. 7.  Petitioner then sought collateral review in the California Court of Appeal on April 29, 2008.  Lodg. No. 8.  The California Court of Appeal denied the petition on June 30, 2008.  Lodg. No. 9.

///

///

On July 27, 2008, Petitioner filed a second petition for writ of habeas corpus with the California Supreme Court. Lodg. No. 10. On February 11, 2009, the petition was denied. Lodg. No. 11.

While his second habeas petition with the California Supreme Court was still pending, Petitioner filed another petition for writ of habeas corpus with the superior court on December 2, 2008. Lodg. No. 12. In its February 4, 2009 order denying the petition, the superior court explained its judgment: "This Petition appears on its face to argue some different issues, but basically only changes the approach in a repeat of arguments that either have already been made or should have been raised either on appeal or in prior petitions." Lodg. No. 13 at 3.

On February 22, 2009, Petitioner filed his federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. Petitioner claims (1) the trial court erred in denying his motion to sever the counts concerning the two victims; (2) the trial court failed to conduct a sufficient inquiry into his post-trial allegations of ineffective assistance of counsel; (3) the trial court unconstitutionally denied Petitioner access to his victims' medical records; and (4) actual innocence of crimes perpetrated against one victim and ineffective assistance of counsel. *Id.*

## II. Discussion

**A. Scope Of Review**

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the report, the district court "shall make a de novo determination of those portions of the report... to which objection is made." *Id*. The Court reviews de novo the magistrate judge's conclusions of law. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983) overruled on other grounds by *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003).

///
///
///

**B.  Plaintiff's Complaint Is Barred By The Statute of Limitations**

On May 5, 2009, Respondent moved to dismiss Petitioner's federal habeas corpus petition as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). Doc. No. 8 at 2-6. In support, Respondent contends that the applicable limitations period expired over four hundred days prior to Petitioner's proper filing of his federal habeas petition. *Id.* at 6. Respondent also contends that Petitioner is not entitled to the benefit of equitable tolling. *Id.* at 11-13.

Petitioner opposed Respondent's motion on June 5, 2009. Doc. No. 9. Petitioner asserts that he is entitled to equitable tolling for two reasons: (1) prison officials failed to timely deliver trial transcripts that he needed for his federal petition, and (2) his former appellate counsel miscalculated the federal limitations period. *Id.*

**1.     Petitioner Constructively Filed His Petition On February 22, 2009**

On February 22, 2009, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. Respondent asserts that March 3, 2009, the date on which Petitioner complied with the Court's filing fee requirement, should be used as the date upon which Petitioner properly filed his petition. *See* Doc. No. 8 at 12; *and* Doc. No. 11 at 3. However, Petitioner's federal habeas petition bears a handwritten signature, typed verification, and date of February 22, 2009. Doc. No. 1. at 30-31. In determining the filing date of his state and federal petitions, Petitioner is entitled to the benefit of the "mailbox rule," which is the date the petitions were presented to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that petitioner's notice of appeal is deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk."); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (recognizing the application of Houston's mailbox rule to federal habeas filings); *see also Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (recognizing same with regard to state habeas petitions). In keeping with the Court's duty to construe pro se filings liberally, this Court will construe the instant habeas petition as filed on February 22, 2009. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

**2.     The Statute Of Limitations Under The AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court." *Id*. § 2244(d)(1). The one year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2244(d)(1)(A)-(D).

**i. Section 2244(d)(1)(B) Does Not Apply To Petitioner**

Petitioner asserts that subsection (B) of 28 U.S.C. § 2244(d)(1) is applicable to this case because state prison officials impeded his access to court transcripts. Doc. No. 12 at 2. The plain language of subsection (B) makes it clear that "whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd v. VanNatta*, 296 F.3d 630, 633 (9th Cir. 2002) (emphasis in original). Neither the Constitution nor federal law provides a prisoner with an absolute right to their transcript for the purpose of preparing a habeas petition. *United States v. MacCollom*, 426 U.S. 317, 325–26 (1976). A convicted defendant retains firsthand knowledge of his trial does not need a transcript "to become aware of the events or occurrences which constitute a ground for collateral attack." *Id.* at 328. Thus, as the Eight Circuit has observed, possession of a transcript is not a condition precedent to the filing of a habeas petition. *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). As a result, Petitioner's assertion that subsection (B) is applicable also fails.

///

1           **ii. Sections 2244(d)(1)(C) and (D) Do Not Apply To Petitioner**

2 Petitioner does not contend that the rights he is asserting are newly recognized by the Supreme Court under 28 U.S.C. § 2244(d)(1)(C). Nor does Petitioner contend that the facts underlying his claims came to light after his conviction became final under 28 U.S.C. § 2244(d)(1)(D). Accordingly, subsections (C) and (D) do not govern Petitioner's habeas claims.

          **iii. Section 2244(d)(1)(A) Applies To Petitioner**

Under subsection 2244(d)(1)(A), the one year limitations period begins to run on the date on which the habeas petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A). The Ninth Circuit explains that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). Where, as here, no petition for review was filed in the California Supreme Court following direct review in the state appellate court, the conviction becomes final forty (40) days after the California Court of Appeal filed its opinion. *See Culver v. Director of Corrections*, 450 F.Supp. 2d 1135, 1139 (C.D. Cal. 2006) (citing Cal. Rules of Court, rules 8.264, 8.5, 8.6.; Cal. Civ. Proc. Code § 12a).

In this case, the California Court of Appeal affirmed Petitioner's conviction on March 6, 2006. Lodg. No. 2. Petitioner did not seek review in the California Supreme Court so his conviction became final upon expiration of the allotted forty-day period in which Petitioner could have sought such review. *See Culver*, 450 F.Supp.2d 1135 at 1139. When the last day of a statutory period falls on a day when the clerk's office is inaccessible, the time for filing extends to the next court day. *See* Fed. Rule Civ. P. 6(a)(3). Here, the expiration of Petitioner's forty-day window officially fell on Saturday, April 15, 2006. Thus, the period continued to run until the following Monday, April 17, 2006. The AEDPA statute of limitations period commenced on April 18, 2006, and expired one year later on April 18, 2007. Petitioner, however, delayed filing his federal petition until February 22, 2009, more than twenty-two months after the limitations period had expired. Consequently, absent tolling, the

1  instant petition is untimely and barred by the statute of limitations.

2  **3.      Petitioner Is Entitled To Statutory Tolling**

3  The AEDPA tolls its one-year limitations period for the "time during which a properly 4 filed application for State post-conviction or other collateral review... is pending."[1] 28 U.S.C. 5 § 2244(d)(2); *Malcolm v. Payne*, 281 F.3d 951, 956 (9th Cir. 2002). The statute of limitations 6 is not tolled, however, from the time a final decision is issued on direct state appeal to the time 7 the first state collateral challenge is filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 8 2003). Similarly, the limitations period is not tolled after state post-conviction proceedings are 9 final and before federal habeas proceedings are initiated. *See* 28 U.S.C. § 2244(d)(2).

10 Here, the one-year AEDPA statute of limitations began to run on April 18, 2006, when 11 Petitioner's time to file a petition for review in the supreme court expired. The limitations 12 period was tolled from May 23, 2006 to December 20, 2006, while Petitioner's first habeas 13 petition was pending before the California Supreme Court for a total of 211 days. Lodg. Nos. 14 3 & 4. Thus, the AEDPA statute of limitations required Petitioner to file his federal habeas 15 petition by November 15, 2007 (*i.e.*, 211 days after the non-tolled deadline of April 18, 2007). 16 Petitioner failed to do so.

17 Petitioner is not entitled to statutory tolling for his five remaining state habeas petitions 18 because they were filed well after the AEDPA limitations period expired. Lodg. Nos. 5, 6, 8, 19 10, and 12. The Ninth Circuit has held that 28 U.S.C. § 2244(d) "does not permit the 20 reinitiation of the limitations period that has ended before the state petition was filed." 21 *Ferguson*, 321 F.3d at 823 (adopting the reasoning of the Eleventh Circuit in *Tinker v. Moore*, 22 255 F.3d 1331 (11th Cir. 2001)). Accordingly, unless Petitioner establishes an entitlement to 23 equitable tolling, the instant petition is untimely.

---

[1] In *Evans v. Chavis*, the Supreme Court affirmed that the time an application for state post-conviction review is "pending" includes the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law. *Evans v. Chavis*, 546 U.S. 189, 197-198 (2006). Furthermore, the Court emphasized that absent guidance from state courts, federal courts must independently examine the delay in each case and determine what the state courts would have held with respect to timeliness. *Id.*

### 4. Petitioner Has Not Alleged Facts to Support Equitable Tolling

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (assuming without deciding that equitable tolling applies to the AEDPA's limitations period). In the Ninth Circuit, the AEDPA's one-year statute of limitations is subject to equitable tolling. *See Roy v. Lampert*, 465 F.3d 964, 969-70 (9th Cir. 2006). While equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. "[T]he threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Petitioners face such a high bar in order to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). As a result, when assessing a habeas petitioner's argument in favor of equitable tolling, courts must conduct a "highly fact-dependent" inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002).

#### i. Petitioner Fails To Show Diligence

Petitioner claims that he diligently pursued his rights during the period of time that prison officials failed to deliver his trial transcripts. Doc. No. 9 at 2-3. On June 5, 2009, as evidence of his diligence, Petitioner offered copies of three letters he sent to his appellate counsel over the course of a year-and-a-half. *Id.* at Ex. A-C. The letters request documents pertaining to a possible federal habeas petition and specifically mention the AEDPA. *Id.* at Ex. B-C. The earliest of these letters dates to May 3, 2006. *Id.* at Ex. B. There is a notable gap of fourteen months between Petitioner's earliest letter and his next request of July 8, 2007. *Id.* at Ex. B.

///

1    Later, on August 31, 2009, Petitioner offered two additional letters as evidence of his
2 diligence in attempting to secure his papers and property. Doc. No. 12 at Ex. A-C. The
3 earliest of these letters dates to February 18, 2007. *Id.* at Ex. B. Considering all letters
4 submitted by Petitioner, there is a notable gap of over nine months between Petitioner's initial
5 May 3, 2006 and his next request of February 18, 2007. Accordingly, the letters submitted by
6 Petitioner fail to show his diligent pursuit of his rights.

7    **ii. Petitioner Fails To Show Extraordinary Circumstances**

8    Even assuming Petitioner acted with diligence, Petitioner fails to establish that the
9 absence of his legal files constitutes extraordinary circumstances that prevented him from
10 filing his petition. Petitioner provides only vague assertions. Doc. No. 9 at 4. He does not
11 give concrete examples of the type of information he hoped to obtain from the record or why
12 his direct knowledge of what occurred at trial was insufficient. *See MacCollom*, 426 U.S. at
13 328 (stating that a convicted defendant rarely, if ever, needs a transcript "to become aware of
14 the events or occurrences which constitute a ground for collateral attack"); *see also Gassler*,
15 255 F.3d at 495 (holding possession of a transcript is not a "condition precedent" to the filing
16 of a state post-conviction motion).

17    Finally, Petitioner's argument regarding the advice provided by his former attorney is
18 without merit. In *Miranda v. Castro*, the Ninth Circuit unequivocally held that a federal
19 habeas petitioner was not entitled to equitable tolling when his appellate counsel miscalculated
20 the statutory period in a letter sent after the conclusion of direct review. *See Miranda*, 292
21 F.3d 1063. Like the petitioner in *Miranda*, Petitioner has no constitutional right to counsel in
22 state post-conviction proceedings. *Id*. at 1067-68 (citing *Pennsylvania v. Finley*, 481 U.S. 551,
23 555-557 (1987)); *see also Coleman v. Thompson*, 501 U.S. 722, 7522 (1991) ("[t]here is no
24 constitutional right to an attorney in state post-conviction proceedings").

25    Moreover, to the extent that Petitioner attempts to argue that his "desperation" or
26 unfamiliarity with habeas proceedings justifies equitable tolling, the argument is without merit.
27 Doc. No. 9 at 3. It is well settled that a habeas petitioner's status as an inmate, lack of legal
28 knowledge, and lack of legal assistance do not constitute cause to excuse an untimely filing.

*See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (explaining that a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing"). Accordingly, this Court concludes that equitable tolling is not warranted in this case.

**C. Petitioner Is Not Entitled To Relief On The Merits Of His Petition**

Even if Petitioner had timely filed his petition, the Court would not grant Petitioner relief based on any of the four substantive claims raised in his petition.

**1.      Denial Of Petitioner's Motion To Sever Did Not Violate His Constitutional Rights**

First, Petitioner claims that he was deprived of his federal constitutional right to a fair trial and due process of law because the trial court denied his motion to sever the counts involving victim Wendi S. from the counts involving victim Evelin S. Doc. No. 1 at 6. Specifically, Perez contends that the evidence is too similar, that the evidence is more prejudicial than probative, and that the evidence must be excluded under California Evidence Code § 352. *Id*. at 15.

"[A] federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68; *see also* 28 U.S.C. § 2241. The issue is "whether the trial court committed an error which rendered the trial so arbitrary and fundamentally unfair that if violated federal due process." *Jammal*, 926 F.2d at 920 (quoting *Reiger v. Christensen*, 789 F.2d 1425, 1430 (9th Cir. 1986)).

The Court notes that the offenses against Wendi and Evelin are similar in that the victims are sisters and evidence of access to the home and other related facts made one trial appropriate. The probative value of this evidence is not so outweighed by potential prejudice so as to constitute a violation of Petitioner's federal due process rights. Accordingly, the trial court's denial of Petitioner's motion to sever did not render the trial so arbitrarily and

1  fundamentally unfair that Petitioner's constitutional right to due process was violated.

2  Furthermore, whether the trial court incorrectly admitted evidence under California law
3  has no part in the federal court's habeas review of Petitioner's state conviction. *Estelle v.*
4  *McGuire*, 502 U.S. 62, 67-68 (1991). "[F]ederal habeas corpus relief does not lie for errors
5  of state law." *Id.* at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Thus, Petitioner
6  can not seek habeas relief based on whether the trial court violated California Evidence Code
7  § 352. *See, e.g., Jammal v. Van De Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).

8  **2.    The Trial Court Had Sufficient Basis to Conclude That Petitioner Received**
9  **       Effective Assistance Of Counsel**

10  Petitioner claims that the trial court failed to conduct a sufficient inquiry into his post-
11  trial allegations of ineffective assistance of counsel and his motion for substitution of counsel.
12  Doc. No. 1 at 7. Petitioner specifically complains that the trial court failed to properly inquire
13  into supposed shortcomings of trial counsel, a deputy public defender. *Id.* at 18. The Court
14  disagrees.

15  The Sixth Amendment right to assistance of counsel entitles the accused to "a
16  reasonably competent attorney, whose advice is within the range of competence demanded of
17  attorneys in criminal cases." *United States v. Cronic*, 466 U.S. 648, 655 (1984) (quoting
18  *McMann v. Richardson*, 397 U.S. 759, 770 (1970)) (internal quotations omitted). In
19  California, an indigent criminal defendant may file a motion for a *Marsden* hearing that
20  requests the trial court to substitute new counsel if the defendant's right to counsel would be
21  substantially impaired by the original attorney. *People v. Marsden*, 2 Cal.3d 118, 123 (1970).
22  Because a *Marsden* motion implicates a defendant's Sixth Amendment right to counsel, the
23  claim is properly considered on federal habeas review. *Bland v. California Dep't of Corr.*, 20
24  F.3d 1469, 1475 (9th Cir. 1994) (overruled on other grounds by *Schell v. Witek*, 218 F.3d 1017
25  (9th Cir. 2000). The trial court's *Marsden* hearing is adequate if it generates "a sufficient basis
26  for reaching an informed decision." *U.S. v. Smith*, 282 F.3d 758, 764 (9th Cir. 2002). The
27  AEDPA requires this Court to give deference to the state decision under 28 U.S.C. §
28  2254(d)(1) and (2).

On February 4, 2005, the trial court held a hearing at which Petitioner, his trial attorney, the alternate public defender, and the prosecutor appeared. Lodg. No. 2 at 11. At the hearing, the trial court stated that it had appointed an alternate public defender to investigate and present any issues that were appropriate to the constitutional adequacy of counsel. *Id.* The alternate public defender reviewed all of the discovery, the case history, all pertinent testimony transcripts, consulted with experts, and met directly with Petitioner. *Id.* Based on her review of this information, the alternate public defender concluded that the deputy public defender's performance did not meet the standard for ineffective assistance of counsel. *Id.* At the hearing Petitioner was provided an opportunity to state his concerns regarding the alternate public defender's performance. *Id.* at 12.

The February 4, 2005 hearing provided the trial court with the testimony of the alternate public defender that the trial attorney provided effective assistance to Petitioner. The alternate public defender's opinion was based on her independent review of the case. The trial court provided Petitioner with an opportunity to voice his concerns. Thus, the trial court conducted a hearing that generated a sufficient basis for reaching an informed decision. Accordingly, the trial court did not abuse its discretion in denying Petitioner's *Marsden* motion. *Smith*, 282 F.3d at 764.

**3.     The Trial Court Reviewed In Camera The Victims' Records**

Petitioner contends that the trial court's decision to deny access to his victims' medical records constituted an unconstitutional denial of his Sixth Amendment right to confront and cross-examine witnesses as applicable to California through the Due Process Clause of the Fourteenth Amendment. Doc. No. 1 at 23-24. Relying on *Brady v. Maryland*, 373 U.S. 83 (1963), Petitioner asserts that his right to due process entitles him to receive all materials relevant to his defense, including access to his victims' medical records. *Id.* at 23.

Under *Brady*, nondisclosure of evidence favorable to a criminal defendant violates due process. *Brady*, 373 U.S. at 87. However, the Supreme Court explained that, "[o]ne does not show a *Brady* violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put

1  the whole case in such a different light as to undermine confidence in the verdict." *Kyles v.
2  Whitley*, 514 U.S. 419, 435 (1995).  Thus, to succeed on a *Brady* claim, a petitioner must
3  establish that "the nondisclosure was so serious that there is a reasonable probability that the
4  suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S.
5  263, 281 (1999).

6        The trial court reviewed the records in camera and determined that the records should
7  not be released to either party.  Lodg. No. 2 at 16.  Based on the trial court's review, the
8  California Court of Appeal concluded that there was nothing in the records to corroborate
9  Petitioner's testimony.  *Id.*  Therefore, Petitioner has not suffered an unconstitutional
10  *Brady* violation.  *Strickler*, 527 U.S. at 281.

11  **4.     Petitioner's Claim of Actual Innocence**

12        Petitioner claims actual innocence of the crimes perpetrated against Wendi in the United
13  States and that he received ineffective assistance of counsel because his trial counsel failed to
14  obtain records showing Petitioner's presence in Mexico at certain times.  *Id*. at 27.

15        Recently, the Supreme Court assumed that a non-capital litigant could assert a
16  freestanding claim of actual innocence.  *Dist. Attorney's Office v. Osborne*, — U.S. —, 129
17  S.Ct. 2308 (June 18, 2009) ("Whether such a federal right exists is an open question.  We have
18  struggled with it over the years, in some cases assuming, *arguendo*, that it exists while also
19  noting the difficult questions such a right would pose and the high standard any claimant would
20  have to meet.  In this case too we can assume without deciding that such a claim exists,
21  because even if so there is no due process problem.") (internal citations omitted).  The Ninth
22  Circuit has also assumed that habeas petitioners may assert freestanding actual innocence
23  claims in non-capital cases and has articulated a minimum standard.  *Osborne v. Dist.*
24  *Attorney's Office*, 521 F.3d 1118, 1131 (9th Cir. 2008), *rev'd on other grounds*, — U.S. —,
25  129 S.Ct. 2308 (2009).  "[A] habeas petitioner asserting a freestanding innocence claim must
26  go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is
27  probably innocent."  *Id.* at 1130-31 (internal quotation marks omitted); *accord Carriger v.*
28  *Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (*en banc*).

1         Petitioner's proffered evidence falls far short of the "extraordinarily high" threshold required to prove actual innocence. *Carriger* 132 F.3d at 476. Wendi testified that Petitioner molested her from 1995 until 2000, and that Petitioner committed other sexual acts against her from 1998 until 2000. Doc. No. 1 at 26. Assuming that Petitioner was in custody and subsequently deported to Mexico between October 8, 1999 and December 1999, Petitioner had time to commit the acts against Wendi for which he was convicted. Wendi testified that Petitioner molested her over many years, including the time between 1995 and 1998. Yet, the evidence offered by Petitioner does not address this key time period. Accordingly, Petitioner has not adequately supported his claim of actual innocence. In sum, Petitioner's freestanding actual innocence claim does not succeed and Petitioner's trial counsel was not ineffective for failing to pursue his claim. *See Carriger* 132 F.3d at 477 (rejecting "actual innocence" claim that fails to affirmatively prove actual innocence).

**D.    Dismissal of Edmund G. Brown**

        Rule 2 of the Rules following § 2254 provides that the state officer having custody of petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. The structure of the California penal system places a prisoner within the custody of both the Secretary of the California Department of Corrections and the warden of the prison where the prisoner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 895-896 (9th Cir. 1996).

        Petitioner named two respondents in his federal habeas petition of February 22, 2009: (1) T. Felker, designated as Warden of the California Department of Corrections; and (2) Edmund G. Brown, the California Attorney General. Regarding the first named respondent, the Court noted on March 5, 2009, that the position of warden is no longer occupied by T. Felker. Doc. No. 2. Therefore, the Court ordered Matthew Cate, the Secretary of the California Department of Corrections and Rehabilitation, to be substituted as respondent for T. Felker to conform with Rule 2(a). *Id.* Regarding the second named respondent, the Court presently recognizes that the Attorney General is not a state officer having custody of petitioner. Thus, Attorney General Brown is not a proper respondent under Rule 2(a). Accordingly, the Court dismisses the allegations against Edmund G. Brown and terminates him

as a respondent in this case.

### III. Conclusion

Petitioner's petition was filed more than one year after the statutorily tolled period and is therefore barred by the statute of limitations. For the reasons set forth above, Petitioner is not entitled to equitable tolling. Moreover, Petitioner's claims fail on the merits. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** Petitioner's complaint with prejudice.

In addition, the Court **DISMISSES** the allegations against Edmund G. Brown and terminates him as a respondent in this case.

The Court denies Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

Dated: December 23, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT